IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| TROY EDWIN TATE & <br> ELAINE BURRIS TATE | § <br> § <br> § | APPELLANTS |
| v. | § <br> § | Civil No. 1:08cv32HSO-JMR |
| KIMBERLY R. LENTZ, ET AL. | § | APPELLEES |

**ORDER AND REASONS AFFIRMING THE
UNITED STATES BANKRUPTCY COURT AND
DISMISSING APPEAL**

THIS MATTER COMES BEFORE THE COURT as an appeal taken by Troy Edwin Tate and Elaine Burris Tate ["Tates"]. The Tates appeal the Order of the United States Bankruptcy Court for the Southern District of Mississippi, entered December 17, 2007, which granted the United States Bankruptcy Trustee's ["Trustee"] Motion to Dismiss. This Court's jurisdiction is predicated on the authority to hear such appeals as provided by 28 U.S.C. § 158[1]. Having reviewed

---

[1] 28 U.S.C. § 158(a) states in part that:
 [t]he district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees; (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and (3) with leave of the court, from other interlocutory orders and decrees; and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

the briefs of counsel, the relevant legal authorities and exhibits, the record, and the Order of the Bankruptcy Court, this Court finds that the Order of the Bankruptcy Court must be affirmed.

## I. FACTS AND PROCEDURAL HISTORY

The Tates filed their Petition pursuant to Chapter 7 on January 10, 2007, in the United States Bankruptcy Court for the Southern District of Mississippi. Included in this Petition was a deduction for transportation ownership expenses for two vehicles[2], filed on Form 22A.  On June 15, 2007, the Trustee filed a Motion to Dismiss the Tates' Petition on the grounds that "a presumption of abuse arose as a matter of law under 11 U.S.C. § 707 (b)(2)."[3] Br. of Appellee at p. 2.  This Motion was predicated upon the Trustee's position that the Tates' monthly income exceeded the limitations provided therein.  *Id.* at p. 3

On December 18, 2007, the Bankruptcy Court entered an Order granting the

---

[2] The Tates claimed ownership expenses related to a 2001 Chevrolet Silverado 2500 HD and a 1992 Chevrolet Silverado 1500.

[3] 11 U.S.C. § 707 (b)(2) states in part that:
> [i]n considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter, the court shall presume abuse exists if the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of–
> (I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $6,575, whichever is greater; or
> (II) $10,950.

Trustee's Motion to Dismiss. The Order stated in pertinent part that: "the automobile ownership expenses may not be deducted by the Debtors, the presumption of abuse arises under 11 U.S.C. § 707 (b)(2), and the debtors have failed to provide sufficient explanation or documentation to rebut the presumption of abuse." *In re Tate,* 2007 WL 4532122, *2-3 (Bankr. S.D. Miss. 2007).

From this Order, the Tates perfected an appeal to this Court. The following issues are assigned for review:

1. Whether the Bankruptcy Judge erred when it concluded that Debtors may not deduct the automobile ownership expenses specified under the IRS Local Transportation Expense Standards for a vehicle owned free and clear of liens when 11 U.S.C. § 707 (b)(2)(A)(ii)(I) provides that the debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service...?

2. Whether the Bankruptcy Court erred when it concluded that the presumption of abuse arises in this case under 11 U.S.C. § 707 (b)(2)?

3. Whether the Bankruptcy Court erred when it granted the United States Trustee's motion to dismiss?

Br. of Appellants at pp. 1-2.

The Trustee's position is as follows:

1. The transportation ownership expenses are inapplicable to the Tates as they do not make any payments for ownership of a vehicle.

2. The Bankruptcy Court's interpretation of "applicable" in section 707(b)(2) has the salutary effect of treating the IRS

> transportation standard the same way the IRS treats these expenses.

> 3. The construction of Section 707(b)(2)(A)(ii)(I) adopted to date by all Appellate Courts better implements bankruptcy policy.

> 4. The committee notes to official Form 22A do not support the Tates' interpretation of 11 U.S.C. § 707(b)(2)(A)(ii)(I).

Br. of Appellees at pp. 2-3.

## II. LAW AND ANALYSIS

A. <u>Standard Of Review</u>

"In a bankruptcy appeal, the applicable standard of review by a district court is the same as when the Court of Appeals reviews a district court proceeding. Findings of fact by the bankruptcy courts are to be reviewed under the clearly erroneous standard and conclusions of law are reviewed de novo." *In re Chesnut,* 422 F.3d 298, 301 (5th Cir. 2005); *In re Evert,* 342 F.3d 358, 363 (5th Cir. 2003)(*citing Matter of Midland Indus. Service Corp.,* 35 F.3d 164, 165 (5th Cir. 1994)); *In re Pequeno,* 126 Fed. App'x 158, 162 (5th Cir. 2005); *In re Salter,* 251 B.R. 689, 692 (S.D. Miss. 2000).

B. <u>Did the Bankruptcy Court Err in Granting the Trustee's Motion to Dismiss Thereby Finding, Pursuant to 11 U.S.C. § 707 (b)(2), That the Presumption of Abuse Arose Which Precluded the Tates from Claiming the Transportation Ownership Expenses Provision?</u>

"[A]t issue is the transportation ownership expense on the Means Test." Reply Br. of Appellants at p. 1. The Tates argue that they were entitled to deduct transportation ownership expenses in connection with their two Chevrolet trucks

using the "means test which requires calculation of current monthly income by utilizing certain standard expense deductions and certain actual expenses." *Id.*

The Tates first submit that there is no controlling or reported decision by the Fifth Circuit Court of Appeals on this issue. *Id.* They also point to a split of authority over whether the transportation ownership expenses deduction is properly taken when there is no debt owed in connection with the automobile. *See* Br. of Appellants at p. 9. In sum, the Tates contend that:

> [a]ccording to the plain reading of 11 U.S.C. § 707 (b)(2)(A)(ii)(I), Form 22A, the 2005 Committee Note for Forms 22A, 22B & 23C, and the case cited by Debtors herein, the Debtors are allowed to deduct transportation ownership expenses for vehicles they own even when there are no debt payments secured by the vehicles. ... Debtors submit that their bankruptcy is not an abuse under 11 U.S.C. § 707 (b)(2).

Br. of Appellants at p.16.

Section 707(b)(2)(A)(ii) entitles a debtor to subtract from current monthly income, expenses that include *applicable* monthly expenses specified in the IRS's National and Local Standards, as well as *actual* monthly expenses falling into the categories which the IRS has specified as other necessary expenses. *See In re Pampas,* 369 B.R. 290, 295 (Bankr. M.D. La. 2007).

The record clearly establishes, and the parties do not dispute, that there were no lease or loan payments being made by the Tates on the two Chevrolet automobiles. The Court acknowledges a divergence of judicial interpretations regarding whether the plain meaning of "applicable" necessitates existing ownership or lease payments for a debtor to claim this deduction. In fact, a reading

of the Bankruptcy Court's Order in this case illustrates that it was acutely aware of this split of authority:

> Both the UST and the debtors recognize that courts are split as to whether a debtor may deduct the transportation expense for a vehicle that the debtors owns [sic] free and clear. Having considered the arguments and authorities, the court agrees with the position taken by the UST and supporting authorities that the transportation ownership expense should not be taken if no actual car payment exists.

*In Re Tate*, 2007 WL 4532122, *2  (Bankr. S.D. Miss. 2007).

In *In re Brown,* 376 B.R. 601, 611 (Bankr. S.D. Tex. 2007), the court granted the trustee's motion to dismiss as an abuse under 11 U.S.C. § 707(b)(2).  At issue in *Brown* was whether a debtor had to owe a monthly note or lease payment in order to claim the vehicle ownership expense.  The court there acknowledged that while this issue had been addressed by dozens of bankruptcy and district courts across the country, the case law was so evenly divided that neither position could fairly be characterized as the majority. *Id.* at 604-05.  Ultimately, the court in *Brown* reasoned that the debtors were not entitled to deduct vehicle ownership expenses for motor vehicles which they owned outright.  In so holding, the court adopted "the reasoning of the *McGuire/Barraza* line of cases that holds that a debtor may not deduct the vehicle ownership expense unless the debtor has a monthly note or lease payment on a vehicle and rejected the *Demonica/Fowler* line of cases that allows a debtor who owns a vehicle free and clear of all liens to deduct the ownership expense."  *Id.* at 608; *see also In re Meade*, 384 B.R. 132, 137 (Bankr. W.D. Tex. 2008);  *In re Ceasar*, 364 B.R. 257, 262 (Bankr. W.D. La. 2007); *In re Pampas*, 369

B.R. 290, 296-97 (Bankr. M.D. La. 2007); *In re Devilliers*, 358 B.R. 849, 864 (Bankr. E.D. La. 2007); *In re Hardacre*, 338 B.R. 718, 728 (Bankr. N.D. Tex. 2006); *In re Barraza*, 346 B.R. 724, 728 (Bankr. N.D. Tex. 2006); *In re Oliver*, 350 B.R. 294, 301 (Bankr. W.D. Tex. 2006).

Based on the foregoing, the Court concludes that notwithstanding the fact that there is not a Fifth Circuit decision which conclusively resolves this particular bankruptcy issue[4], the weight of persuasive authority in this Circuit holds that a "debtor may not deduct the vehicle ownership expense unless the debtor has a monthly note or lease payment on a vehicle." *In re Brown,* 376 B.R. at 608-09. The Court is persuaded that the Bankruptcy Court was correct in following this reasoning in its Order.

## III. CONCLUSION

Having reviewed the record and the pleadings on file in the present case, including the parties' briefs and exhibits, as well as the relevant legal authorities, this Court is of the opinion that the Bankruptcy Court's determination that the Tates were not entitled to claim transportation ownership expenses was not clearly erroneous. Ample evidence is present in the record to support the Bankruptcy Court's findings of fact. Based on those findings, this Court concludes that the Bankruptcy Court's application of the law to the facts was correct. Accordingly,

---

[4] Although not controlling, the Trustee supplemented its Brief with a recent decision rendered by the United States Bankruptcy Appellate Panel for the Eighth Circuit Court of Appeals which directly considered the transportation ownership deduction and followed the same approach as did the Bankruptcy Court here.

there is no basis for reversal of the Bankruptcy Court's Order, and the Court is of the opinion that the Order of the Bankruptcy Court should be affirmed.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, the Order of the Bankruptcy Court dated December 18, 2007, finding that the Tates were not entitled to claim transportation automobile ownership expenses under 11 U.S.C. § 707 (b)(2), should be and hereby is **AFFIRMED,** and this appeal is **DISMISSED**.

**IT IS, FURTHER ORDERED AND ADJUDGED** that Appellants are taxed with all costs of this appeal as provided by law.

**SO ORDERED AND ADJUDGED**, this the 29th day of September, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE